# ISAAC MEROWITZ

## *vs.*

# EARL C. WHITBY ET AL.

*Construction of Will—"Children" Not Inclusive of Grandchild.*

Where property was given in trust for the children of a niece of testatrix "until the youngest of said children reach the age of eighteen years, when said trust shall cease," and said property "shall be equally divided, share and share alike, between said children or those surviving," and a child of the niece died after testatrix and before the youngest child arrived at eighteen, *held* that a child of such deceased child did not share.

*Decided March 19th, 1921.*

Appeal from the Circuit Court of Baltimore City (GORTER, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*J. Abner Sayler,* submitting the cause on brief, for the appellant.

*John H. Hessey,* with whom was *Martin Lehmayer* on the brief, for the appellees.

STOCKBRIDGE, J., delivered the opinion of the court.

The bill of complaint in this case was filed by the appellee for the specific enforcement of a contract of sale of a lot of ground on East Lexington Street under the terms of an agreement entered into between the parties on the 26th of October, 1920. The defendant refused to carry out the contract be-

cause of the alleged non-merchantability of the title of the plaintiffs.

The supposed defect arises under the twenty-second clause of the will of Maria Shackelford. That clause reads as follows:

> "To my niece, Minnie Hunt Mullen, in trust for the benefit of the children of my niece, Annie Whitby, who shall be living at the time of my death, all those properties known as one hundred and thirteen (113) and one hundred and fifteen (115) North Eden Street and fourteen hundred and five (1405) East Lexington Street, and the sum of One Thousand Dollars ($1,000) cash, to be paid her by my executor hereinafter named out of the proceeds of sale of a certain Government Bond, said properties and cash to be held by said Minnie Hunt Mullen in trust for the use and benefit of the children of my niece, Annie Whitby, until the youngest of said children reaches the age of eighteen years, when said trust shall cease, and said properties and cash shall be equally divided, share and share alike, between said children or those surviving."

Annie Whitby, the niece mentioned in Mrs. Shackelford's will, had three children, of whom two only are living at the present time, the eldest, Katherine Grace, who was living at the time of Mrs. Shackelford's death, having died August 10, 1906, leaving surviving her one child, Katherine Grace Whitby, and it is now suggested as constituting a defect in the title, because of the provision contained in the last paragraph of the twenty-second clause, that the property devised and bequeathed passed to the surviving child under the language, "shall be equally divided share and share alike between said children or those surviving," and that this minor child is not a party to the case.

It is always dangerous to attempt to lay down a hard and fast rule for the construction of a will of a testator, and some courts have been led to an adoption of the principle of ascertaining as closely as it was practicable the real intent of the

testator, in order that the wishes of the testator might be carried out.

In this condition it is not unusual to find different courts apparently placing different constructions upon a will in order to effectuate that which is or is believed to have been the desire of a testator, and so any one case affords a very unsatisfactory criterion for laying down a general rule which shall be equally applicable to all cases, even where similar language is used. In the present case there can be no doubt on certain material points.

First—The time for the termination of the trust is absolutely fixed by the arrival of the youngest of the children of Annie Whitby at the age of eighteen year;

Second—That at the time when the testatrix specified that the trust should terminate, Annie Whitby was dead, and her youngest child had not reached the stipulated age; and

Third—The relative proportions in which the children of Annie Whitby were to take their interests.

The theory of the defendant is that by reason of the language "divided, share and share alike," the disposition of the personal, and acquisition of title to the real, property, should include the child who was *in esse* at the time of Mrs. Whitby's death. In other words, that it is to be construed as a devolution of title so that the share of Katherine Grace should pass to her daughter; while the appellees' construction is to the effect that only those answering the description of the legatees as children were entitled to take, and consequently the property was to be equally divided between Earl C. Whitby and Minnie Virginia Whitby.

It is true that there are instances to be found in the books where the term "children" has been so broadened as to include grandchildren, but these will be found to be limited to cases where the language of the deed or will showed a clear intent on the part of the creator of the trust that such course was in accord with the intention.

In Mrs. Shackelford's will the language used is very explicit that the trust was to be for the benefit of the *children*

of her niece, and such was the effect of the decree of the Circuit Court of Baltimore City.

This view is in accord with the rules laid down by this Court in *Anderson* v. *Brown,* 84 Md. 261; *Wilson* v. *Bull,* 97 Md. 128; *Hill* v. *Safe Dep. & T. Co.,* 101 Md. 60; *Pattison* v. *Farley,* 130 Md. 408; *Burden* v. *Burden,* 130 Md. 551, 557.

Finding no error in the decree appealed from, the decree will be affirmed and cause remanded for such further proceedings as may be requisite.

*Decree affirmed, the costs to be equally divided between the parties.*