Containing Cases of the April and October Terms, 1923.

JOHN C. BOWERMAN, SURVIVING TRUSTEE, ET AL.,

*vs.*

CAROLINE A. GIBSON ET AL.

*Declaration of Trust—Construction—Life Tenant Dying Without Issue—Words of Survivorship—Rule against Perpetuities.*

A declaration of trust by a man and his wife being in terms for the benefit of the settlors for their lives, for the benefit of the survivor till death, and then for the benefit of the settlors' surviving children, the issue then living of a deceased child to be substituted for the parent *per stirpes,* and upon the death of any of such children or issue, then in trust to convey the interest of such children or issue then dying to their heirs, should he, she or they leave issue then living, but if none such, then such interest "to revert to the common fund to be enjoyed by the surviving children, issue or child of said" settlors "aforesaid during his, her or their lifetime," *held* that, on the death of a child of the settlors leaving no issue, the issue of other deceased children shared with the surviving children in the distribution of the portion in which such deceased child had a life interest, taking absolute estate therein.          pp. 5, 6

The expression "surviving," in the sentence, "to be enjoyed by the surviving children, issue or child of said" settlors "during his, her or their lifetime," referred to the time of the death of the surviving settlor, and consequently the children, issue or child who were to enjoy only a life estate were those surviving at that time, and not those surviving at the time of the death of the life tenant who died without issue.          pp. 6, 7

Where the interests of all parties taking under a declaration of trust must vest, if at all, immediately upon the death of a person in being at the date of the declaration, there is no violation of the rule against perpetuities.                    p. 9

*Decided June 26th, 1923.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

Petition by John C. Bowerman, surviving trustee, and Clara Taylor, against Caroline A. Gibson and others for a construction of a declaration of trust and for partition. Upon the death of said Caroline A. Gibson, her children were made parties. From the decree rendered, petitioners appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Louis J. Burger,* with whom were *Hinkley, Hisky & Burger* on the brief, for the appellants.

*Edwin J. Farber, William Saxon* and *Reuben Oppenheimer,* with whom were *Emory, Beeuwkes & Skeen* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

Charles R. Taylor and Georgeanna Taylor, his wife, by a declaration of trust, dated September 15th, 1852, disposed of certain property therein described, the uses and purposes of the trusts created being set forth in said deed as follows:

"First—For the sole and separate use, benefit and enjoyment of Georgeanna Taylor, wife of said Charles R. Taylor, during the joint lives of said Georgeanna and of said Charles and during the lifetime of the sur-

vivor of them so long as he or she shall after the death
of him or her first dying remain sole and unmarried to
the use, benefit and engagement of such survivor, and
upon the second marriage or the death of such survivor
or whichever event shall first happen thereupon thence-
forth to the use, benefit and enjoyment of all the chil-
dren, issue of the marriage now existing between said
Charles and said Georgeanna, viz., of the children now
being and of such others their children as during their
now marriage (or within the period contemplated by
law after said Charles' death, should he first die) may
hereafter be born and who may be living at the time
of the ensuing of such use and benefit and so as to be
lawful issue of those children surviving the parent
among those children, such issue taking *per stirpes,* so
that said children and issue aforesaid shall receive and
enjoy the income and profits of said trust estate to
their sole and separate and personal use and benefit
without power of disposing of the same or of any in-
terest therein by way of anticipation or incumbrance,
transfer or assignment. It being intended and hereby
expressly stipulated that immediately upon the said
Charles or said Georgeanna either surviving the other
contracting and performing a second marriage, viz.,
any marriage other than that now existing, all interest
of such party surviving and so marrying in and to and
out of said trust estate shall forthwith cease and deter-
mine, and thenceforth the entire rents, issues and profits
of said estate to be received by said other *cestui que
trusts* and children and issue of the children of said
Charles and Georgeanna by their now marriage then
living and upon further trust that upon the death of
any of such children or issue so surviving the life or
widowhood of said Charles or Georgeanna (whichever
shall survive the other), then in trust to convey, as-
sign and transfer the interest and claim of such chil-
dren or issue, then dying to the heir or heirs of such
children or issue, should he, she or they leave issue of
their, her or his body then living, but if none such,
then his, her or their interest in said trust estate to

revert to the common fund to be enjoyed by the sur-
viving children, issue or child of said Georgeanna and
Charles aforesaid during his, her or their lifetime."

This Court was called upon to construe the above men-
tioned deed in the case of *Bowerman* v. *Taylor*, reported in
126 Md. 203, in so far as concerned the interests of the
parties to the suit in the then existing circumstances.

It appeared from the record in that case (which we are
asked to consider as supplementing the record filed in the
present case) that no children were born to the settlors after
the date of said deed, and that all of the children who were
then living were still alive at the time of the death of the
surviving settlor except Melville Taylor, a son, who died
September 16th, 1884, unmarried and without issue. At
the time of the hearing of the former case two of said sur-
viving children had died, one of them leaving children and
the other leaving a daughter and children of a deceased
daughter; and the question presented in that case was whether
the trusts created by said deed, for the benefit of the chil-
dren of the settlors then living and the children of deceased
children, were valid or whether they violated the rule against
perpetuities. It was held that the rule was not violated as
to any of the parties to that suit, all of them either having
been in existence at the date of the deed, or their interests
necessarily vesting, if at all, at the death of persons who were
living at the date of the deed.

Since that case was decided, Mrs. Evelyn J. McKenney,
one of the children of the settlors, has died without leaving
issue, and we are now required:

(a) To construe the deed in reference to its disposition of
remainders after the death of a child without leaving issue.

(b) To decide whether such disposition violates the rule
against perpetuities.

The petition in this case was filed by John C. Bowerman,
the surviving trustee, and Clara Taylor, against Caroline A.

Gibson, Winfield J. Taylor and Decima S. H. Taylor, his wife, and the said Decima S. H. Taylor, trustee of Winfield J. Taylor, Florence Van Rensselaer, Lyndsay Van Rensselaer and Lolita Van Rensselaer, his wife, Maud R. Taylor and Harold A. Taylor, her husband, Dorothy M. Fields and Melvin J. Fields, her husband, and Marjorie P. Graham.

Clara Taylor, Caroline A. Gibson and Winfield J. Taylor were, at the time of the death of Mrs. McKenney, the only surviving children of the settlors; Florence Van Rensselaer and Lyndsay Van Rensselaer are children of Florence Van Rensselaer, a deceased daughter of the settlors; Maud R. Taylor is a daughter, and Dorothy M. Fields and Marjorie P. Graham are grand-daughters of George M. Taylor, a deceased son of settlors, the said Florence Van Rensselaer and George M. Taylor having died after the death of the surviving settlor, but prior to the death of Mrs. McKenney. Pending these proceedings Caroline A. Gibson died, leaving the following children, viz.: Mary H. Bowerman, who married John C. Bowerman; Charles M. Gibson, a widower; William Howard Gibson, who married Mary Gibson; and Clara T. G. Wilson, who married Young O. Wilson, Jr. These children with their spouses were by order of court made parties to the proceedings.

The position of appellants is that the only parties beneficially interested at the time of the death of Mrs. McKenney, in that part of the trust estate formerly held by her as equitable life tenant, were the three children of the settlors then living, who took equitable life estates one-third each, and those who might be entitled in remainder after said life tenants' deaths respectively under the plan of devolution provided by said deed of trust; and that, Mrs. Gibson having died after Mrs. McKenney's death, the one-third part which Mrs. Gibson took as life tenant devolved upon her children absolutely.

On behalf of the appellees, other than the children of Mrs. Gibson, it is contended that at the death of Mrs. McKenney

the three surviving children of the settlors took equitable life
interests, each one-fifth, and the issue of deceased children
of the settlors took absolutely the other two-fifths, *per stirpes,*
and that the one-fifth part, of which Mrs. Gibson became the
equitable life tenant, on her death devolved upon her chil-
dren absolutely.

The learned court below sustained the contention of ap-
pellees.

After careful consideration of the entire deed of trust we
are forced to the conclusion that whatever may be the correct
construction of the provision now in controversy, in any
event the position of appellants is untenable. It is impossi-
ble to give the words of the settlors any meaning, and at the
same time exclude their issue more remote than children
at the time of filing the bill of complaint from all interest in
the part of the estate in which Mrs. McKenney had a life
interest. The only question is whether they took equitable
life estates *per stirpes* in two-fifths of such part or absolute
estates in such two-fifths.

And the decision of the question depends upon the time to
which the survivorship (in the expression "to be enjoyed by
the surviving children, issue or child of said Georgeanna and
Charles aforesaid, during his, her or their lifetime") must
be referred.

If to the time of the death of the surviving settlor, then
we cannot escape from the conclusion reached by the lower
court.

If, on the other hand, the words of survivorship should be
referred to the time of the death of Mrs. McKenney, then the
original parties to this suit, other than the trustee, Bower-
man, took equitable life estates, the children of the settlors
each in one-fifth, and the more remote issue, *per stirpes,* in
the other two-fifths. On this assumption as to the date of
reference, the children of settlors, and the issue of deceased
children living at the death of Mrs. McKenney, all answer
the description in the deed of those who are to enjoy for

life the remainder after the death without issue of a child
or issue of the settlors living at the death of the survivor of
the settlors. They all are children and issue of the settlors;
they were all in being at the death of Mrs. McKenney; she
was a child of the settlors living at the death of the sur-
vivor of them; and she died without issue. If it was in-
tended that they take life estates in remainder, such pro-
vision violated in no respect the rule against perpetuities, as
these estates in remainder must have vested in them, if at all,
at the death of one who was living at the date of the deed.
*Bowerman* v. *Taylor, supra.*

In regard to the time to which words of survivorship are
to be referred, the well recognized rule in this State is that,
when the gift is a contingent remainder after an intervening
estate, such as a life estate, the words of survivorship are to
be referred to the time of the happening of the contingency,
if there is nothing in the deed or will to indicate a contrary
intention. *Turner* v. *Withers,* 23 Md. 41; *Anderson* v.
*Brown,* 84 Md. 261; *Wilson* v. *Bull,* 97 Md. 128; *Demill* v.
*Reid,* 71 Md. 175; *Larmour* v. *Rich,* 71 Md. 369; *Hill* v.
*Safe Deposit & Trust Co.,* 101 Md. 60; *Poultney* v. *Tiffany,*
112 Md. 633; *Booth* v. *Eberly,* 124 Md. 22; *Burden* v. *Bur-
den,* 130 Md. 551; *Clagett* v. *Bowie,* 130 Md. 437; *Hender-
son* v. *Henderson,* 131 Md. 312; *Merowitz* v. *Whitby,* 138
Md. 222; and *Iglehart* v. *Hall,* 140 Md. 304.

But it is also recognized, in all the above cases and in many
others, that the general rule above mentioned must not be
permitted to conflict with the cardinal principle that the
intention of the testator or settlor must govern, when that
can be ascertained from the will or deed of trust. In most
of the cases cited, the court could not find on the facts of
those cases any indication of an intention contrary to the
general rule.

It is said in *Branson* v. *Hill,* 31 Md. 181, that where the
gift is not immediate upon the death of testator, there being
a prior life or other interest carved out, so that there is
another period than that of the death of testator to which

the words of survivorship could refer, the question depends upon the presumed intention of testator.

And in 40 *Cyc.* 1511 (cited in *Henderson* v. *Henderson, supra,* and *Burden* v. *Burden, supra*) "words of survivorship will be referred to the event plainly intended to accomplish the purpose of the testator, whether that event be before, at the time of, or after the death of the testator. * * * Where the gift to the survivor is preceded by a particular estate for life or years, words of survivorship, in the absence of anything indicating a contrary intention, usually refer to the termination of the particular estate, such as at the death of the life tenant."

It remains to determine whether there is anything in the deed of trust in this case to indicate that the reference was to the time of the death of the surviving settlor rather than to that of Mrs. McKenney, the life tenant.

We think there is. The words italicized in the following quotation from the clause now in controversy seem to indicate such intention: "but if none such, then his, her or their interest in said trust estate, to *revert to the common fund* to be enjoyed by the surviving children, issue or child of *said* Georgeanna and Charles *aforesaid* during his, her or their lifetime." There could be no purpose in having this part of the trust estate "revert to the common fund," unless it were afterwards to devolve according to the original plan; and to do this it must start with the same class as the base of the plan, viz.: the class who were to take life estates at the death of the survivor of the settlors. It seems to us also that the word "said" immediately preceding the names of the settlors suggests very strongly that the word "aforesaid" immediately following these names refers, not to *them,* but to the surviving children and issue mentioned earlier in the paragraph, as those who are to take life estates after the death or marriage of the survivor of the settlors.

On this theory, too, it is much easier to infer that the settlors meant the devolution to continue as originally provided

for the devolution of the "common fund," they having disposed of *expressly* only life interests in the part of the estate here involved. It would be difficult to avoid an intestacy as to the ultimate remainder on any other theory.

The interests of all parties taking under this interpretation of the deed must have vested, if at all, immediately upon the death of Mrs. McKenney, who was in being at the date of the deed of trust, so that it is manifest that such a disposition violates in no respect the rule against perpetuities.

It follows that, in our opinion, the conclusion reached by the lower court was correct. The decree appealed from will therefore be affirmed.

> *Decree affirmed, costs to be paid out of the corpus of that part of the trust estate here involved.*