RUXTON M. RIDGELY, JR., ET AL *vs.* ELVA D. RIDGELY, ADMINISTRATRIX AND GUARDIAN, ET AL.

*Construction of Will—Survivorship.*

In the construction of a will, the fundamental rule, to which all others are auxiliary and subsidiary, is to ascertain the intent of the testator, as expressed within the four corners of the will itself in application to the subject matter, and read with reference to the surrounding circumstances, and to give to that intent effect, if it be not in opposition to some rule of law or public policy. p. 422

The rule that the law favors the early vesting of estates does not control when there is such a plain expression of intention to the contrary that no opportunity is afforded for construction. p. 422

The testator is taken to have made his will with the assumption in mind that he will not outlive the object of his gift, as his will is ambulatory until his death. p. 422

Where testatrix gave her whole estate to her brother and sister and the survivor of them for life and, after the death of such brother and sister, one fourth part to her niece for life,

with remainder to three persons named, to be equally divided between them or the survivor or survivors of them, *held* that the survivorship was to be determined as of the death of the niece, and that the one of the three remaindermen who survived the niece was entitled to the whole of such fourth part. pp. 422, 423

Survivorship is ordinarily referable to the period of division, and this point of time is the death of the tenant for life in those instances where the testamentary disposition simply creates a previous life estate and a gift over to several or the survivors of them.         p. 423

*Decided February 13th, 1925.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Petition by Elva D. Ridgely, in her own right, as administratrix of Gustave W. Ridgely, and as guardian of Robert D. Ridgely, for the construction of provisions in a will, to which Ruxton M. Ridgely, Jr., and others were made parties. From the decree rendered, Ruxton M. Ridgely, Jr., and others appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Edward L. Ward,* for the appellants.

*William H. Surratt,* with whom were *Arthur H. Miller* and *Paul R. Hassencamp* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

Mary M. McKeen died testate, giving her whole estate, first, to her sister, Rebecca M. McKeen, and her brother, John McKeen, and the survivor of them, for life; and "Second: From and immediately after death of my said brother and sister" over, in accordance with the provisions of four paragraphs, every one of which disposed of a one-fourth part of her property, and was a separate and distinct gift, having no relation to any other, in form or in object, so as to control or modify the clear and explicit terms of this third clause of the will: "One-fourth part thereof to my niece,

Adrianna McKeen, during the term of her natural life, remainder to Ruxton Moore Ridgely, Genevieve Ridgely and Gustave Ridgely to be equally divided between them or the survivor or suvivors of them absolutely."

The textatrix was a spinster, and the beneficiaries, Ruxton Moore Ridgely, Genevieve Ridgely, and Gustave Ridgely, were sister and brothers and were infants under eleven years of age when their aunt made this will on October 16th, 1877. She died on July 22nd, 1890, and the life estates of her brother and sister, Rebecca M. McKeen and John McKeen, in all of her property ended with the death of Rebecca M. McKeen on October 15th, 1898, when her property was divided and the fourth part distributed to a trustee to hold for the benefit of the life tenant, Adrianna McKeen, under the control and supervision of the Circuit Court of Baltimore City, which had assumed jurisdiction on January 17th, 1899, on the application of Adrianna M. McKeen, and the consent of the three remaindermen.

Adrianna McKeen, life-tenant of this one-fourth interest, died on October 23rd, 1923, and, of the three remaindermen Gustave W. Ridgely alone survived at her death, although his brother and sister had been alive at the death of the testatrix. Genevieve Ridgely, who had married Ridgely Gaither, had died on March 7th, 1914, survived by her husband and her son, Ridgely Gaither, Jr., and Ruxton M. Ridgely had died on December 13th, 1922, leaving his wife, Rebecca Gaither Ridgely, and a son, Ruxton M. Ridgely.

The remainderman, Gustave W. Ridgely, is now dead, having died about two months after the death of the life tenant, Adrianna McKeen. He was survived by a widow, Elva D. Ridgely, who has administered upon his estate and become the guardian of his son and heir, Robert D. Ridgely, and who, in her several capacities, claimed the entire trust fund for herself and her son as the legal representatives of Gustave W. Ridgely, the sole surviving remainderman on the expiration of the life estate of Adrianna McKeen. The legal representatives of Ruxton M. Ridgely and of Genevieve R. Gaither were made parties and contended that the point

of time to which the survivorship referred was at the death of the testatrix, Mary M. McKeen, and that as both Ruxton M. Ridgely and Genevieve R. Gaither were then living, their legal representatives, with those of Gustave W. Ridgely, took the whole estate under the will. On the submission of the question, the lower court held that the period of division was the death of the life tenant, Adrianna McKeen, and that, therefore, the property passed to the legal representatives of Gustave W. Ridgely. It is this interpretation which the appellants seek to have rescinded.

The fundamental rule, to which all others are auxiliary and subsidiary, is to ascertain the intent of the testator as expressed within the four corners of the will itself in application to the subject-matter, and read with reference to the surrounding circumstances; and to give to that intent effect, if it be not in opposition to some rule of law or to public policy. The familiar secondary rule, which is relied upon by the appellants, that the law favors the early vesting of estates, does not control the portion of the will under consideration, as there is such a plain expression of intention to the contrary that no opportunity is afforded for construction. The testator is taken to have made his will with the assumption in mind that he will not outlive the object of his gift, as his will is ambulatory until his own death. The first objection to the appellants' position is consequently apparent, because the testatrix created successive and independent intermediate life estates between her own death and the period of vesting in possession. The life estates were independent, as those given to John McKeen and Rebecca McKeen, and to the survivor of them, were in all the property left by the testatrix, while the subsequent life estate of Adrianna McKeen was in but a one-fourth part of the same property; and the life estate of John McKeen and Rebecca McKeen began with the death of the testatrix, while that of Adrianna McKeen did not start until "from and immediately after the death of my (her) said brother and sister." The testatrix, therefore, while drawing her will, contemplated the life estates of her brother and her sister,

Rebecca McKeen, and their termination by the dying of the one after the other; and next, the life estate following of Adrianna McKeen in the fourth part as all, after her death, beginning, continuing and ending in their fixed natural order before the enjoyment in possession of the fourth part by the named remaindermen. The estates of the three life tenants were, therefore, also successive and intermediate, and the interest in remainder was not designed to vest in possession until the life estates were all exhausted by death.

The second objection to the construction that this one-fourth absolute interest was vested in the remaindermen living at the death of the testatrix, is the plain command of the testatrix expressed in these unequivocal words: "Remainder to Ruxton Moore Ridgely, Genevieve Ridgely and Gustave Ridgely to be divided between them or the survivor or survivors of them absolutely." The time of division is designated, and cannot take place until upon the expiration of the precedent life estates; and the division is among the survivor or survivors of the three remaindermen at that time living, as the term "survivor" means the one who outlives others. There is nothing in the context of the will or in the facts that could admit of the withdrawal of this section of the will from the rule that survivorship is referable to the period of division, and that this point of time is the death of the tenant for life, in those instances where the testamentary disposition simply creates a previous life estate and a gift over to several or the survivors of them. *Straus v. Rost,* 67 Md. 465, 477; *Wilson v. Bull,* 97 Md. 128, 135-138; *Booth v. Eberly,* 124 Md. 22, 26, 27; *Burden v. Burden,* 130 Md. 551, 555-558; *Merowitz v. Whitby,* 138 Md. 222, 224.

The Court has carefully examined the numerous citations on the appellants' brief, but has found nothing to indicate that its conclusion on the will now before it is not the application of well settled law. The decree of the lower court will be affirmed.

*Decree affirmed, with costs of appeal to the appellees.*