# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 19, 1926.

ROSE M. VAN HISE, ET AL.,

VS.

SADIE H. PRICE, ET AL.

*Joseph S. Goldsmith* for plaintiffs.

*Philip H. Close* and *John A. Farley* for defendants.

FRANK, J.—

John W. Swartz, of Harford County, died in January, 1888. His first wife died March 5, 1852. By her, he had one child, Laura Jane Swartz, born November 26, 1851, who on October 19, 1871, married George W. Miller; of this marriage five children were born of whom three were living on July 7, 1887 and January 3, 1888, the respectives dates of the will and codicil hereinafter referred to. Mrs. Miller died intestate on June 16, 1922, leaving as her sole surviving heirs at law, her two daughters, Clara L. Miller, wife of Harry T. Miller, and Daisy Miller Klees, wife of Philip Klees.

John W. Swartz married his second wife, Elizabeth Price, on April 12, 1865, by whom he had four children, all of whom are now living, viz: Rose M. Swartz, born February 17, 1866, who married George W. Van Hise; Mary P. Swartz, born November 13, 1867, who married John E. Strawbridge; Sadie H. Swartz, born June 14, 1870, who married Howard L. Price; and Bessie Swartz, born November 27, 1872, who married Albert S. Magness.

John W. Swartz left a will and a codicil thereto. The will was dated July 7, 1877, and the pertinent portion thereof is as follows:

"1st—I will give, bequeath and devise to my beloved wife, Elizabeth T. Swartz, during her natural life all of my property, both real and personal at her death to be equally divided between my children who may then survive."

"I also employer (empower) my wife, Elizabeth T. Swartz to sell any or all of my real estate if she sees proper to do so and to invest and reinvest the proceeds as she may deem prudent and proper."

By the codicil of January 3rd, 1888, the testator provided: "I do hereby republish and declare my former will to which this is attached except as hereinafter altered and changed.

"I hereby give, devise and bequeath to my daughter (by my first wife) Laure I. Miller ($300) three hundred dollars to be paid by my executor after my debts and funeral expenses are paid. This does not alter my former will. She, Laura I. Miller is to have equal share with the rest of my children that may survive my wife."

Elizabeth T. Swartz, the second wife, died during the year 1924. Her life estate under the will of her husband thus terminated and the question presented to this Court for determination is whether under the terms of the said will and codicil the property passing thereunder, is to devolve in five equal shares, one upon the two daughters of the testator's daughter by his first wife, and one upon each of his four daughters by his second wife, or in four equal shares upon the four daughters only by his second wife. This is the only controverted issue in this case and its solution depends upon the true construction of the portions of the will and codicil above quoted.

Were the answer to this question dependent solely upon the language of the will itself it would be free of difficulty. "I will * * * to my beloved wife, Elizabeth T. Swartz, during her natural life all of my property * * * at her death to be equally divided between *my children who may then survive."* (Italics mine). The period of survivorship is so clearly and unmistakably referred to the death of the wife, that only the testator's children then surviving can possibly take. The property would un-

doubtedly pass only to the children then living, the four daughters of the second marriage.

Merowitz vs. Whitby, 138 Md. 222.

Stahl vs. Emery, 147 Md. 123, 128, &c.

The problem is created by the language of the codicil: "I do hereby republish and declare my former will to which this is attached except as hereinafter altered and changed."

"I hereby give, devise and bequeath to my daughter (by my first wife) Laura I. Miller ($300) three hundred dollars to be paid by my executor after my debts and funeral expenses are paid. This does not alter my former will. She, Laura I. Miller is to have equal share with the rest of my children that may survive my wife."

The testator unequivocally reaffirms his will and prescribes that it shall remain in effect, except as therein "altered and changed." He prefers his daughter, Laura I. Miller to the extent of a legacy of $300, but this is followed immediately by the words, "This does not alter my former will."

The contention of Mrs. Miller's daughters that the rule of survivorship as established by the will is changed in their favor by the codicil depends entirely upon the language: "She, Laura I. Miller, is to have equal share with the rest of my children that may survive my wife."

Did the testator mean by this that his daughter, Mrs. Miller, should take a vested remainder, not subject to divesting in the event of her predeceasing her step-mother, while each of her step-sisters took interests subject to be divested by her own prior death? Did he intend to prefer Mrs. Miller not merely by the legacy of $300, but also by conferring upon her and her children the only unconditional vested interest under the will and codicil? If this is so, then the interest of each of her step-sisters predeceasing their mother would pass to Mrs. Miller's daughters and if all so predeceased their mother, the entire estate would pass to Mrs. Miller's daughters, though each of the children of the second marriage might have left children them surviving. It is most improbable that the testator could have intended such gross inequality but if the language of the codicil clearly means this it must be given full effect. "She, Laura I. Miller, is to have equal share with the rest of my children that may survive my wife."

This language must be construed in connection with that which immediately precedes it. "This does not alter my former will." By the will, Mrs. Miller's interest like that of each of her step-sisters, was subject to be devised by her death during the lifetime of Mrs. Swartz. Her "equal share with the rest of" testator's "children that may survive" testator's wife provided for in the codicil must mean that her share, equal in duration as well as in quantity to the shares of her step-sisters, would like their equal shares be divested upon her prior death. The language of the codicil is fairly susceptible of this meaning and this interpretation gives effect to the general intention of the testator pervading both will and codicil to treat all of his children equally except as to the pecuniary bequest of $300 to Mrs. Miller.

I, therefore, hold that Mrs. Miller's interest terminated with her death and that the property disposed of by the will and codicil (except the bequest of $300) now passes in equal shares to Mrs. Van' Hise, Strawbridge, Price and Magness.

I shall sign a decree accordingly.